IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| DAWN M. AREY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 05-2553-JWL |
| ) | |
| PROGRESSIVE HALCYON ) | |
| INSURANCE CORPORATION, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| _____) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on plaintiff's Motion to Set Aside Dismissal Without Prejudice (Doc. #5). For the reasons set forth herein, the motion is denied.

**I.     Procedural History**

On December 22, 2005, plaintiff Dawn Arey filed a pro se "Petition" (Doc. #1) in this Court, by which she alleged discrimination by defendant, her former employer, in violation of Title VII of the Civil Rights Act. On May 15, 2006, this Court issued plaintiff a Notice and Order to Show Cause (Doc. #2), by which the Court ordered plaintiff to show good cause in writing why service had not been effected within 120 days and why plaintiff's suit should not be dismissed pursuant to Fed. R. Civ. P. 4(m). On May 30, 2006, the copy of the Notice and Order that was mailed to plaintiff was returned to the Court as undeliverable. On June 7, 2006, the Court issued an Order

dismissing the case without prejudice (Doc. #3), in which the Court noted plaintiff's failure to serve defendant within the prescribed time, plaintiff's failure to respond to the show cause order, and the return of the copy mailed to plaintiff.

On March 16, 2007, counsel entered an appearance on behalf of plaintiff and filed the instant motion to set aside the dismissal. No evidence was submitted in support of the motion. Nor is there any indication that counsel attempted to serve the motion (or the underlying "Petition") on defendant.

## II.  Discussion

Plaintiff has not offered any legal basis or authority to support her motion to set aside the dismissal of her lawsuit. The Court will liberally construe the present motion as seeking relief from the dismissal pursuant to Fed. R. Civ. P. 60(b)(1). That rule provides for relief as follows: "On motion and upon such terms as are just, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect . . . ." *Id.*

The Court denies plaintiff relief under Rule 60(b) for a number of reasons. First, plaintiff has not shown "excusable neglect" sufficient for such relief. Plaintiff states that she did not receive all of her mail as a result of a move and a divorce, and that she would have appeared and prosecuted the case had she received the Notice and Order to Show Cause. Plaintiff has not offered any reason, however, why she failed to notify the Court of her change of address or why she did not at least have her mail forwarded to her new

address. It was plaintiff's duty, once she filed her lawsuit, the keep the Court apprised of her contact information or at least to monitor filings in her case. *See Lehnert v. Hersh*, 154 Fed. App'x 64, 2005 WL 3008765 (10th Cir. Nov. 10, 2005) (unpub. op.) (affirming denial of Rule 60(b) relief from dismissal for failure to prosecute; plaintiff was aware of need to inform court of change of address to receive pleadings, and plaintiff failed to have any contact with the court for ten months after paying filing fee).

Moreover, plaintiff did not file her motion "within a reasonable time", as required by the rule. Fed. R. Civ. P. 60(b). In her motion, plaintiff concedes that she learned of the dismissal of her lawsuit in October 2006. The present motion was not filed until March 16, 2007, however, and no reason is given for that delay. *See Lehnert*, 154 Fed. App'x 64 (noting that plaintiff did not seek relief from the dismissal until many months after finally notifying the court of her change of address).

Finally, plaintiff has not established the "good cause" necessary for her to avoid dismissal under Fed. R. Civ. P. 4(m). That rule provides in relevant part as follows:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

*Id.* Accordingly, even if plaintiff had received the Notice and Order to Show Cause and submitted the instant pleading at that time, the Court would still have found that plaintiff failed to show the necessary "good cause" for her failure to effect timely service, and the

3

lawsuit would have been dismissed.

"The 'good cause' provision of [Rule 4(m)] should be read narrowly to protect only those plaintiffs who have been meticulous in their efforts to comply with the Rule." *Despain v. Salt Lake Area Metro Gang Unit*, 13 F.3d 1436, 1438 (10th Cir. 1994); *see also In re Kirkland*, 86 F.3d 172, 174 (10th Cir. 1996) (Tenth Circuit has interpreted "good cause" narrowly).[1] This "good cause" standard requires a showing greater than "excusable neglect". *See Kirkland*, 86 F.3d at 175. Simple inadvertence or ignorance of the rules does not suffice. *See id.* at 174; *Cox v. Sandia Corp.*, 941 F.2d 1124, 1125 (10th Cir. 1991); *Putnam v. Morris*, 833 F.2d 903, 904 (10th Cir. 1987).

In her motion, plaintiff states that her delay in effecting service was caused by her attempting to hire counsel; going through a divorce; moving, and her failure to receive all of her mail as a result of the move and the divorce; a change in employment, which required that she be "gone" for training during the month of March 2006; and attempting to determine which party to serve and where to serve it, and her serving the wrong party in August 2006.

These reasons certainly do not go beyond mere neglect or inadvertence, and therefore they cannot constitute the necessary "good cause". Most significantly, plaintiff has not indicated that she made any attempts at service until August 21, 2006, eight

---

[1] The cited cases involved former Rule 4(j), the predecessor to present Rule 4(m). The Tenth Circuit has stated, however, that cases interpreting the "good cause" standard under former Rule 4(j) provide guidance in applying that standard under the present rule. *See Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995).

4

months after she initiated the lawsuit. Thus, plaintiff has not shown that she was meticulous in her efforts to comply with Rule 4. Specifically, plaintiff's search for counsel does not constitute "good cause". *See Self v. Autoliv, ASP*, 80 Fed. App'x 72, 2003 WL 22436262 (10th Cir. Oct. 28, 2003) (unpub. op.) (denial of motion for appointment of counsel in a civil case does not constitute "good cause" under Rule 4(m)). "A pro se litigant is still obligated to follow the requirements of Fed. R. Civ. P. 4." *DiCesare v. Stuart*, 12 F.3d 973, 980 (10th Cir. 1993).[2] Nor does her search for the appropriate party to the lawsuit (her former employer) provide "good cause". *See id.* (no good cause shown, pro se plaintiff could have discovered identities of proper parties); *see also Despain*, 13 F.3d at 1439 (misinterpretation or ignorance of service rules not sufficient to show "good cause").

Plaintiff's apparent appeals to equity are similarly unavailing. Plaintiff argues that defendant would not suffer prejudice if the dismissal were set aside because defendant had notice of plaintiff's pre-suit EEOC claim. Plaintiff also argues that she would suffer prejudice if the dismissal were not undone because she cannot re-file the suit and still meet the requirement that her suit be filed within 90 days of the EEOC's right-to-sue letter. Neither of these considerations constitute the necessary "good cause", however. *See Despain*, 13 F.3d at 1439 ("good cause" is not established by defendant's

---

[2] The Court notes that, although plaintiff filed her "Petition" pro se, she alleged in that pleading that she was an attorney licensed in multiple states. The "Petition" further reveals that she was represented by counsel for purposes of her pre-suit claim with the EEOC.

5

actual notice of the suit, the absence of prejudice to defendant, or the running of the statute of limitations).

Accordingly, plaintiff has not established "good cause" for her failure to accomplish service of process upon defendant within 120 days of her filing the lawsuit, and this action is therefore properly subject to dismissal under Rule 4(m). Nor has plaintiff established any basis for relief under Rule 60(b). Plaintiff's motion to set aside the dismissal is therefore denied.

IT IS THEREFORE ORDERED THAT plaintiff's Motion to Set Aside Dismissal Without Prejudice (Doc. #5) is denied.

IT IS SO ORDERED.

Dated this 3rd day of April, 2007, in Kansas City, Kansas.

                                              s/ John W. Lungstrum
                                              John W. Lungstrum
                                              United States District Judge